Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Carolyn Cofoid, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Credit Solutions Corporation; and DECA Financial Services, LLC; | |
| Defendants. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.      Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.      Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies

in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3.   Plaintiff resides in Maricopa County, Arizona.

4.   Plaintiff is a natural person allegedly obligated to pay a debt.

5.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6.   Defendant Credit Solutions Corporation is a California corporation. (hereinafter "CSC").

7.   CSC collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased after default..

8.   CSC is a "debt collector" as that term is defined by FDCPA § 1692a(6).

9.   Defendant DECA Financial Services, LLC is an Indiana limited liability registered to do business within the State of Arizona. (hereinafter "DECA").

10.   DECA is licensed and bonded as a collection agency by the Arizona Department of Financial Affairs, license number 0913404.

11.   DECA collects or attempts to collect debts owed or asserted to be owed or due another.

12.   DECA is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV.  Factual Allegations

13.   Sometime prior to 2008, Plaintiff purchased a car which was financed by a local credit union, Desert Schools Federal Credit Union ("DSFCU").

14.   In 2008, Plaintiff was involved in an accident which resulted in the car being totaled.

15.   Plaintiff had purchased GAP insurance which was supposed to pay off

- 2 -

1   any remaining balance owed on the car.

2   16.   Four years later, in June 2012, Plaintiff was served with a lawsuit filed by

3         DECA on behalf of DSFCU.

4   17.   This was the first notice to Plaintiff that DSFCU claimed a balance still

5         owing on the car.

6   18.   Plaintiff immediately contacted the GAP insurance company to confirm

7         it had paid off the balance on the car, but learned for the first time that it

8         had not.

9   19.   Plaintiff then contacted DECA's lawyers and immediately paid the full

10        balance claimed to be owed to DSFCU.

11  20.   In exchange for her payment, DECA agreed to immediately dismiss the

12        case, and notice that the account had been paid in full.

13  21.   In early September 2013, Plaintiff received a letter from CSC dated

14        August 30, 2013 claiming that it had now been assigned the DSFCU debt

15        to collect from Plaintiff. (A copy of the letter is attached hereto as Exhibit

16        A.)

17  22.   In its August 30, 2013 letter, CSC claimed there was a balance owing of

18        $2,051.88.

19  23.   In the August 30, 2013 letter, CSC also stated that:

20              Your refusal to pay or not respond in a timely manner
                may force Credit Solutions Corp. to transfer your file
21              to our legal department for debt enforcement, which
                may result in your owing substantially more than the
22              amount indicated above.

23  24.   After receiving the August 30, 2013 letter, Plaintiff contacted DECA to

24        get proof that the DSFCU debt had been settled a year earlier.

25  25.   DECA told Plaintiff that it would email her a letter stating that the balance

- 3 -

owed on the account was zero, but DECA never emailed the letter.

26.  Plaintiff called DECA again, and was told that it would "re-send" the letter, but once again it never did.

27.  Plaintiff called DECA a third time and was told that DECA did not have an account for her, so it could not possibly send her a letter stating that the balance owed was zero.

28.  DECA also told Plaintiff to call Ewing & Ewing, the law firm which represented DECA in the 2012 lawsuit.

29.  Plaintiff called Ewing & Ewing who emailed Plaintiff a letter confirming that she had paid $2,518.19 on June 20, 2012, settling the DSFCU debt in full.

30.  Plaintiff faxed the Ewing letter to CSC to show that the account had been paid in full.

31.  After faxing the Ewing letter to CSC, Plaintiff called to confirm that CSC had received the letter, and that the matter was resolved.

32.  CSC told Plaintiff that DSFCU had not received the payment from DECA, and that Plaintiff had two weeks to resolve the account before legal proceedings would begin.

33.  At the time CSC mailed its letter dated August 30, 2013, Plaintiff had already settled any claim DSFCU may have had against Plaintiff, and thus Plaintiff did not owe the amount claimed by CSC.

34.  At the time CSC threatened Plaintiff with legal action, it had no intent of taking any legal action against Plaintiff.

35.  At the time CSC threatened Plaintiff with legal action, the underlying debt, if any was owed, was stale and beyond the applicable statute of

- 4 -

1    limitations

2    36.    At the time CSC received the Ewing letter, it knew or should have known

3           that the debt it was attempting to collect had been settled in full, and that

4           there was no balance owed by Plaintiff.

5    37.    After CSC had received the Ewing letter, CSC's threat to take legal

6           actions against Plaintiff in two weeks was false, and CSC knew at the time

7           that it was false, and that it had no intent of filing suit against Plaintiff.

8    38.    At the time Plaintiff contacted DECA in September 2013, DECA knew or

9           should have known that the debt owed to DSFCU had been settled by

10          Plaintiff's payment to it through its attorneys in June 2012.

11   39.    At the time DECA refused to provide Plaintiff with a letter showing a zero

12          balance owed on the DSFCU account, DECA knew or should have known

13          that the account was settled in full in June 2012, and that its statement that

14          they did not have an account in Plaintiff's name was false.

15   40.    Within one year immediately prior to the filing of this action, upon

16          information and belief, DECA communicated to another party, including

17          but not limited to DSFCU, credit information concerning Plaintiff which

18          known or which should have been known to be false.

19   41.    Defendants' actions as outlined above were intentional, willful, and in

20          gross or reckless disregard of Plaintiff's rights and part of Defendants'

21          persistent and routine practice of debt collection.

22   42.    In the alternative, Defendants' actions were negligent.

23   43.    As a result and proximate cause of Defendants' actions, Plaintiff has

24          suffered actual damages, including, but not limited to, extreme emotional

25          distress, worry, anxiety, fear, embarrassment, humiliation, and other

1    emotional distress.

2                              **V.  Causes of Action**

3                      **a. Fair Debt Collection Practices Act**

4    44.    Plaintiff repeats, realleges, and incorporates by reference the foregoing

5           paragraphs.

6    45.    Defendants' violations of the FDCPA include, but are not necessarily

7           limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8),

8           1692e(10), 1692f, 1692f(1),  and 1692g.

9    46.    As a direct result and proximate cause of Defendant's actions in violation

10          of the FDCPA, Plaintiff has suffered actual damages.

11                         **VI.  DEMAND FOR JURY TRIAL**

12          Plaintiff hereby demands a jury trial on all issues so triable.

13                          **VII.  PRAYER FOR RELIEF**

14          WHEREFORE, Plaintiff requests that judgment be entered against

15   Defendants for:

16          a)     Actual damages under the FDCPA;

17          b)     Statutory damages under the FDCPA;

18          c)     Costs and reasonable attorney's fees pursuant to the FDCPA; and

19          d)     Such other relief as may be just and proper.

20          DATED   September 23, 2013  .

21                                      s/ Floyd W. Bybee
                                        Floyd W. Bybee, #012651
22                                      **BYBEE LAW CENTER, PLC**
                                        90 S. Kyrene Rd., Ste. 5
23                                      Chandler, AZ 85226-4687
                                        Office: (480) 756-8822
24                                      Fax: (480) 302-4186
                                        floyd@bybeelaw.com
25                                      Attorney for Plaintiff

                                      - 6 -